**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerome G Overstreet, | No. CV-23-00248-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Living Spaces Furniture LLC, | |
| Defendant. | |

On May 12, 2023, Defendant filed a motion seeking dismissal "[p]ursuant to Federal Rule of Civil Procedure 12(b)(6)." (Doc. 12 at 1). That document stated the parties had conferred as required by Local Rule 12.1(c), the rule requiring parties confer before any party files a "motion to dismiss for failure to state a claim." Defendant's motion made clear Defendant was bringing the motion under Rule 12(b)(6) and not as a motion for summary judgment. (Doc. 12 at 8). Plaintiff did not file an opposition by the deadline applicable to Rule 12(b)(6) motions.

On June 5, 2023, the Court granted the motion to dismiss based on Local Rule 7.2(i). (Doc. 15). Three days later, Plaintiff filed a motion for reconsideration. According to that motion, Plaintiff construed the Rule 12(b)(6) motion as "actually . . . a motion for summary judgment." (Doc. 17 at 3). Thus, Plaintiff argues he was entitled to the longer briefing schedule that applies to motions for summary judgment. Plaintiff requests the Court vacate the dismissal and allow him to file his opposition to the motion to dismiss.

Plaintiff's position that Defendant's motion necessarily qualified as one for

summary judgment was incorrect. Courts often consider documents not attached to the complaint, such as EEOC documents, at the motion to dismiss stage without converting the motion into one for summary judgment. *See, e.g.*, *Reed v. Cognizant Tech. Sols.*, 2020 WL 3268691, at *1 n.1 (D. Ariz. June 16, 2020). If Plaintiff planned to construe Defendant's motion as something other than what Defendant professed that motion to be, Plaintiff should have sought clarification of the due date of his opposition. However, there is a strong preference for resolving cases on their merits.[1] Now that Plaintiff has indicated he wishes to respond, the Court will vacate the Order dismissing the case, direct Plaintiff to file his oppositions to the motion to dismiss and request for judicial notice and determine the motion to dismiss on its merits.

Accordingly,

**IT IS ORDERED** the Motion for Reconsideration (Doc. 17) is **GRANTED**. The Order and Judgment (Doc. 15, 16) are **VACATED**.

**IT IS FURTHER ORDERED** no later than **June 12, 2023**, Plaintiff shall file his oppositions to the motion to dismiss and request for judicial notice. (Doc. 12, 13). Defendant shall file their replies no later than **June 26, 2023**.

Dated this 9th day of June, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge

---

[1] Normally, a motion for reconsideration cannot be granted before giving the opposing party the opportunity to respond. Local Rule 7.2(g). Here, however, there would be little purpose in eliciting a response to the motion for reconsideration. Even assuming Plaintiff's counsel acted unreasonably and should have opposed the motion to dismiss earlier, the strong preference to resolve this case on its merits will overcome any procedural argument Defendant might make. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) ("Cases should be decided upon their merits whenever reasonably possible.").