**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerome G Overstreet, | No. CV-23-00248-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Living Spaces Furniture LLC, | |
| Defendant. | |

Plaintiff Jerome Overstreet seeks to pursue employment-related claims against his former employer, Defendant Living Spaces Furniture. Defendant believes Plaintiff's claims are barred by the statute of limitations. Construing all allegations in the light most favorable to Plaintiff, the claims are untimely, and Plaintiff has not alleged sufficient facts to establish a basis for equitable tolling. Plaintiff was previously granted leave to amend his complaint but did not set forth additional facts to merit equitable tolling. Therefore, the complaint will be dismissed without leave to amend.

## BACKGROUND

As of August 2014, Plaintiff was working for Defendant. Plaintiff was terminated on August 21, 2014, and he later filed a charge for discrimination with the EEOC alleging discrimination and retaliation. The EEOC did not resolve that charge for seven years. Eventually, on August 4, 2021, Plaintiff received a "Dismissal and Notice of Rights" letter from the EEOC. (Doc. 28-1). That document informed Plaintiff the EEOC had made no determination whether his charge had merit. The document also stated:

> You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.

(Doc. 28-1 at 63) (emphasis in original).

On October 26, 2021, Plaintiff sent a letter to the EEOC requesting his charge be "reopened." (Doc. 28-1 at 71). The letter complained the EEOC's investigation regarding Plaintiff's charge had not been thorough. Plaintiff did not hear anything further from the EEOC until, on November 4, 2021, he received a letter stating:

> Please be advised the above-captioned charge has been re-opened and the previously issued Dismissal and Notice of Suit Rights rescinded pursuant to EEOC Procedural Regulations Section 29, CFR 1601.19(b) unless the charging party has filed suit, the 90-day suit period has expired, or the charging party received a notice of right to sue pursuant to 29 CFR § 1601.28(a)(1) or (2).[1]

(Doc. 28-1 at 76) (emphasis in original). Plaintiff believed none of the exceptions applied because he had not filed suit, he had not received the notice of right to sue after requesting it, and he "had requested EEOC reconsideration before 'the 90-day suit period expired.'" (Doc. 26 at 4). It appears Plaintiff believed requesting reconsideration automatically extended the 90-day period. After receiving the November 4, 2021, letter allegedly re-opening his charge, Plaintiff again waited to hear from the EEOC. On November 14, 2022, Plaintiff received a second notice of right to sue. Plaintiff filed the present suit within 90 days of receiving that November 2022 notice.

In addition to this basic timeline, Plaintiff identifies two additional facts he believes are relevant to determining the timeliness of his claims. First, Plaintiff states he spoke with an EEOC employee in Washington, D.C. sometime prior to November 4, 2021. Plaintiff complained to that employee about the handling of his charge and the employee informed Plaintiff she would "call the Phoenix EEOC office to find out why they aren't doing their

---

[1] The regulations found at 29 C.F.R. § 1601.28 deal with a party who requests "a notice of right to sue be issued" either before 180 days have elapsed since the filing of the charge or 180 days after the charge was filed. The two sections of the regulation establish rules that make it easier to obtain a "notice of right to sue" if it is requested 180 days after the charge was filed.

job." Second, on an unidentified date Plaintiff spoke with an EEOC investigator in the Phoenix office. The investigator told Plaintiff that if he "got an attorney, the EEOC would stop their investigation." Plaintiff "did not want the investigation stopped" so he did not hire an attorney. (Doc. 26 at 3). Plaintiff does not identify the date of this conversation but presumably it was before he received the August 4, 2021, notice because, after that letter, there was no longer an ongoing investigation the EEOC could have threatened to stop.

## ANALYSIS

Based on Plaintiff's receipt of his right to sue letter on August 4, 2021, the 90-day period to file suit expired on November 2, 2021. The only events that occurred between those dates was Plaintiff's October 26, 2021, email to the EEOC seeking reconsideration and possibly a phone call with an EEOC employee in Washington, D.C.[2] Plaintiff does not argue there was any discussion during those phone calls of his deadline to file suit. And contrary to Plaintiff's subjective belief, the email requesting reconsideration did not toll the limitations period. *See McCray v. Corry Mfg. Co.*, 61 F.3d 224, 229 (3d Cir. 1995) (concluding "requesting reconsideration of an EEOC Determination does not toll the ninety day statute of limitations controlling the filing of a civil action").

Because this suit was filed after the limitations period expired, Defendant seeks dismissal of Plaintiff's claims as untimely. The 90-day period to file a Title VII suit is "subject to the doctrine of equitable tolling." *Scholar v. Pac. Bell*, 963 F.2d 264, 267 (9th Cir. 1992). Equitable tolling is "applied sparingly" and appropriate in "extreme cases." *Id.* Such tolling may apply "when a claimant was tricked by an adversary into letting a deadline expire" or if "the EEOC's notice of the statutory period was clearly inadequate." *Id.* at 268. Equitable tolling usually will not be appropriate when a claimant failed "to exercise due diligence in preserving his legal rights." *Id. See also Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke

---

[2] The EEOC responded to that email and informed Plaintiff the deadline to file suit was not tolled while his request for reconsideration was being considered. Plaintiff alleges he did not receive the EEOC's response and, for present purposes, the Court accepts that as true.

equitable principles to excuse that lack of diligence.").

The Ninth Circuit has issued two opinions on equitable tolling that provide guidance on the diligence required or the unusual circumstances necessary to merit application of the doctrine. First, the Ninth Circuit refused to apply equitable tolling in a case where the notice of right to sue was received by the plaintiff's daughter at the plaintiff's home. *Scholar v. Pac. Bell*, 963 F.2d 264, 267 (9th Cir. 1992). The plaintiff claimed she did not learn of the letter until one or two weeks after it arrived. *Id.* at 268. The plaintiff then filed suit one day after the statute of limitations expired, measured from the date plaintiff's daughter received the notice. The Ninth Circuit determined there was no basis for equitable tolling based, in part, on the plaintiff's lack of diligence. The Ninth Circuit noted that even if it accepted the plaintiff had not learned of the notice until a few weeks after it arrived at her home, "she still had 76-83 days in which to" file suit based on the date the notice arrived at her home. *Id.* Without an explanation why that period was insufficient time for the plaintiff to meet the deadline, equitable tolling of a single day was not merited. *See also Long v. Paulson*, 349 F. App'x 145, 146 (9th Cir. 2009) (equitable tolling for two days was not appropriate despite plaintiff being "hospitalized during the first eight days of the 90–day limitations period").

The second Ninth Circuit case is one where equitable tolling was applied to allow a complaint filed more than a year after the deadline. The employee in that case had been the victim of "repeated sexual abuse, rape, and assault" by her coworkers. *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999). In the Ninth Circuit's view, the employer's "own admittedly outrageous acts" left the plaintiff "so broken and damaged that she [could not] protect her own rights." *Id.* Because the employer's conduct left the employee "unable to read, open mail, or function in society," equitable tolling of the limitations period was appropriate. *Id.*

Here, Plaintiff has not alleged in his complaint or set forth in his declaration filed with the complaint sufficient facts that he was diligently pursuing his rights during the relevant period. Nor has plaintiff alleged or set forth facts establishing he was misled by

the EEOC during the relevant period or any other extreme facts. The equitable tolling inquiry is focused exclusively on the time between August 4, 2021, and November 2, 2021. As the Court noted in its previous order, only events during that period are relevant to the initial equitable tolling analysis.[3] (Doc. 23 at 8). Of course, if facts meriting equitable tolling occur before expiration of the limitations period, ongoing effects from those facts or even new events after the expiration of the limitations period may provide a basis for equitable tolling to continue. However, the dispositive initial question is determining why Plaintiff did not file suit before November 2, 2022.[4]

Plaintiff has not provided any facts that he was diligent before the expiration of the limitations period. Plaintiff waited over 80 days—from August 4, 2021, to October 26, 2021—to send the EEOC his request for reconsideration. Plaintiff has not provided any explanation for the delay in sending that request. Nor has Plaintiff provided an explanation why he did not take any action after sending the request. Absent evidence of diligence, Plaintiff cannot establish a sufficient basis for equitable tolling. *See Scholar v. Pac. Bell*, 963 F.2d 264, 268 (9th Cir. 1992) (noting equitable tolling not merited where plaintiff indisputably had at least 76 days to file suit).

Plaintiff seems to rely on two phone calls with EEOC employees as establishing he was misled by the EEOC. As noted earlier, however, one of the conversations likely occurred before Plaintiff received the August 4, 2021, letter. But even if that conversation occurred between August and November 2021, the phone call did not include any statement by the EEOC that the filing deadline was no longer mandatory. The other conversation occurred after Plaintiff received the August 4, 2021, letter but that conversation also lacked any discussion of Plaintiff's deadline to file suit. Instead, the EEOC employee Plaintiff spoke with during that second call merely stated she would inquire with the Phoenix EEOC

---

[3] Any diligence or misinformation after that period is irrelevant because once a limitations period expires, it is not renewed based on subsequent events. *Cf. Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding statute of limitations in habeas context cannot be reinitiated once it has expired).

[4] For present purposes, the Court will assume Plaintiff was entitled to rely on the EEOC's November 4, 2022, letter informing him that the investigation was being reopened. But the 90-day period had already elapsed so Plaintiff either knew or should have known the letter ostensibly reopening the investigation was without effect.

office about "why they aren't doing their job."  Plaintiff could not have been misled regarding the deadline to file suit by either phone call because the issue was never discussed.  *Cf. Robinson v. Dalton*, 107 F.3d 1018, 1023 (3d Cir. 1997) (refusing to apply equitable tolling based on phone call with EEOC employee because it would result in equitable tolling applying whenever plaintiff alleged phone call misled him).  Thus, neither phone call provides a basis for equitable tolling.

Waiting until the last week of the statute of limitations period to send a motion for reconsideration, taking no action after seeking reconsideration, and conducting two phone conversations that did not address the filing deadline are not sufficient to establish this is an "extreme case" meriting equitable tolling.[5]  Even assuming Plaintiff was entitled to rely on the EEOC's letter received after expiration of the limitations period, that does not help Plaintiff because it does not explain why Plaintiff did not file suit by the original deadline and cannot serve to toll the days between November 2 and 4.

Beyond his arguments regarding equitable tolling, Plaintiff argues he does not need any form of tolling because of the EEOC's actions.  According to Plaintiff, the EEOC had the power to rescind the first notice of right to sue even though the EEOC's action took place after the 90-day period expired.  Because of that alleged power, Plaintiff argues the EEOC's second notice of right to sue was "valid."  Plaintiff argues the underlying statute and regulations do not prohibit the EEOC from rescinding an initial notice after the 90-day limitations period expires.  In making this argument, Plaintiff attempts to distinguish a Ninth Circuit case from 1982 that appears to foreclose his argument.  That case, however, predates the governing regulation.  And contrary to Plaintiff's position, the regulation establishes the EEOC does not have the authority to rescind a notice of right to sue after the 90-day limitations period expires.

In *Lute v. Singer Co.* the EEOC had issued a right to sue notice, the plaintiff "asked

---

[5] Plaintiff also references that he was proceeding pro se and that is an additional basis for equitable tolling. Proceeding pro se, however, is not sufficient on its own or in combination with the other facts to merit equitable tolling. *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (rejecting equitable tolling in pro se Title VII case because "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants").

the EEOC to reconsider its determination and reopen the case," and "less than 90 days" after the original notice, the EEOC "decided to reopen [the plaintiff's] case." 678 F.2d 844, 845 (9th Cir. 1982). Eventually the EEOC issued a second notice and the plaintiff timely filed suit after that second notice. The district court determined the EEOC had no authority to rescind the first notice and dismissed the case. The Ninth Circuit reversed.

The Ninth Circuit's analysis consisted of reviewing decisions from the Fifth and Tenth Circuits. Those circuits had held the EEOC had the authority to rescind a right to sue notice, provided the rescission occurred "within 90 days after [the EEOC] issue[d]" the first notice. *Id.* at 846. The Ninth Circuit determined those other circuits were correct and it adopted the rule they had imposed. In doing so, the Ninth Circuit noted that limiting the time in which rescission could occur to the 90 days after the initial notice was an important limitation on the EEOC's authority. That limitation protected the employee's and employer's "interest in speedy resolution of Title VII complaints" while granting the EEOC time "to address its own errors." *Id.*

Plaintiff distinguishes *Lute* by claiming the facts in that case did not involve, and therefore the court did not address, an attempt by the EEOC to rescind after the 90-day period. (Doc. 29 at 13). That is true but the *Lute* opinion makes clear it was adopting a rule that allowed rescission only during the 90-day period. And in the Ninth Circuit, when "a panel confronts an issue germane to the eventual resolution of the case, and resolves it after reasoned consideration in a published opinion, that ruling becomes the law of the circuit, regardless of whether doing so is necessary in some strict logical sense." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1173 (9th Cir. 2004). Accordingly, absent intervening events, *Lute* would be the law of the circuit. There has been an intervening event that might have rendered *Lute* inapplicable, but that intervening event was a regulation adopting the same rule *Lute* established.

After *Lute*, the EEOC promulgated the regulation now found at 29 C.F.R. § 1601.19(b). That regulation addresses the EEOC's authority to rescind a right to sue notice. As explained by the Eleventh Circuit, the regulation provides that once the 90-day

suit period after an initial notice expires, any notice from the EEOC issued after that time "shall not revoke the charging party's right to sue in 90 days." *Stamper v. Duval Cnty. Sch. Bd.*, 863 F.3d 1336, 1340 (11th Cir. 2017). Thus, when the EEOC issues a second determination after reconsideration, "only [i]n those circumstances where the charging party's right to bring suit in 90 days was revoked . . . shall [the determination] include notice that a new 90 day suit period shall begin upon the charging party's receipt of the determination." *Id.* In plain language, the regulation provides the EEOC cannot rescind a right to sue notice unless it does so within 90 days of the date the right to sue notice was issued. *See also Dougherty v. Barry*, 869 F.2d 605, 610 (D.C. Cir. 1989) ("Because the EEOC notified appellees of its intent to reconsider its dismissal over one year after it issued the first right to sue notice, the Commission's reconsideration did not revive appellee's right to sue.").

The EEOC did not rescind Plaintiff's first right to sue notice within 90 days. Pursuant to the governing regulation, the EEOC's failure to act within the 90-day period means the EEOC's November 4 rescission was ineffective. In this situation, the second right to sue notice was of no effect and Plaintiff cannot measure timeliness from the second right to sue notice.

Application of the statute of limitations in this case is harsh. Plaintiff missed the deadline to file suit by only a few days and the EEOC confused matters through its behavior in attempting to rescind a notice when it lacked the authority to do so. However, statutes of limitations "necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them." *United States v. Locke*, 471 U.S. 84, 101 (1985). And while this case involves a very small amount of time, "courts have to draw lines somewhere." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Plaintiff missed the filing deadline and has not established a basis for equitable tolling.

The Court previously dismissed Plaintiff's complaint and included specific directions for Plaintiff to allege facts regarding the crucial period of 90 days after the first notice was received. Plaintiff amended his complaint and provided a declaration but

1  neither of those documents set forth facts establishing Plaintiff was diligent during that
2  period.  Nor does either document set forth facts showing the EEOC misled Petitioner
3  regarding the deadline or need to file suit within the 90-day period.  Having previously
4  been given leave to amend with specific directions, Plaintiff will not be granted further
5  leave to amend.

6      Accordingly,

7      **IT IS ORDERED** the Request for Judicial Notice (Doc. 28) and Motion to Dismiss
8  (Doc. 27) are **GRANTED**.  The complaint is **DIMSSED WITH PREJUDICE**.  The
9  Clerk of Court shall enter judgment in favor of Defendant.

10      Dated this 15th day of September, 2023.

_____
Honorable Roslyn O. Silver
Senior United States District Judge